UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | 4:CR-05-0428 |
| | : | |
| v. | : | (Judge McClure) |
| | : | |
| MORRIS SMITH and | : | |
| ANDRE C. SPINKS, a/k/a "D," | : | |
| | : | |
| Defendants | : | |

**O R D E R**

February 8, 2006

**BACKGROUND:**

On October 27, 2005, a Grand Jury sitting in the Middle District of Pennsylvania indicted defendants Morris Smith and Andre C. Spinks. (Rec. Doc. No. 2.) The defendants are charged in Count One with possession with intent to distribute more than five grams of cocaine base in violation of 21 U.S.C. § 841(a)(1), and in Count Two with possession and use of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1). (Id.) Before the court is Smith's Motion for Change of Venue or Venire (Rec. Doc. No. 37), in which Spinks has joined (Rec. Doc. No. 50). For the following reasons, we will deny the motion without prejudice to its renewal at voir dire.

**DISCUSSION:**

Federal Rule of Criminal Procedure 21(a) provides: "Upon the defendant's motion, the court must transfer the proceeding against that defendant to another district if the court is satisfied that so great a prejudice against the defendant exists in the transferring district that the defendant cannot obtain a fair and impartial trial there."  It is the moving defendant's burden to demonstrate a reasonable likelihood that a fair and impartial trial is unobtainable in the transferring district.  See, e.g., United States v. Livoti, 196 F.3d 322, 326 (2d Cir. 1999) (no error in denying motion for change of venue pursuant to Rule 21(a) where defendant failed to show a "reasonable likelihood" that pretrial publicity would prevent a fair trial); United States v. White, No. 02 CR. 1111, 2003 WL 721567, at *4 (S.D.N.Y. Feb. 28, 2003) ("[A] defendant carries a heavy burden when moving for change of venue under Rule 21(a)."); United States v. Sinclair, 424 F. Supp. 719, 720-21 (D. Del. 1976) (in Rule 21(a) motion, defendant failed to carry burden of showing a "reasonable likelihood" of unfairness created by alleged adverse publicity).

Here, defendants argue that media coverage regarding this case, and more generally the perceived escalation of drug-related violence in Williamsport, has made it impossible to obtain a fair and impartial jury in the Williamsport vicinage.  Defendants therefore request that we transfer the case to either the Harrisburg or Scranton Division of the Middle District of Pennsylvania.  In the alternative,

defendants request that we screen out jurors from counties in the Williamsport area that derive their media coverage primarily from the Williamsport Sun-Gazette.

Defendants have failed to provide the court with specific examples of the alleged adverse publicity surrounding this case. Aside from noting a statement attributed to the mayor of Williamsport regarding violence in the city, and the fact that a local store has sold t-shirts parodying the mayor's comments, defendants vaguely refer to "numerous news reports in the Williamsport Sun-Gazette, on local radio stations, on local and network affiliate television stations and on internet news reports discussing details, locations and the drug connections with each shooting incident which has occurred over the past several months in the Williamsport area." (Rec. Doc. No. 46, at 10.) Defendants further state, again without support in the record, that the reports "began prior to the incident which is the subject of this proceeding and have continued and increased in intensity through to the filing" of the instant motion, and are not entirely factual. (Id. at 8.)

Because defendants chose not to offer specific examples of the alleged adverse publicity, the record presented to the court is devoid of any evidence from which we could conclude that they cannot obtain a fair trial in Williamsport. See Livoti, 196 F.3d at 326 ("Although Livoti complains of the 'overwhelming and ever-escalating negative publicity' surrounding his case, he provided no specific

3

examples of such publicity when he moved for a change of venue," and therefore failed to show a "reasonable likelihood" that pretrial publicity would prevent a fair trial.); Sinclair, 424 F. Supp. at 720-21 (failure to offer specific examples of alleged adverse publicity warranted denial of defendant's motion for change of venue). The defendants have failed to show a reasonable likelihood that in the absence of a change of venue a fair trial could not be had.  See United States v. Farries, 459 F.2d 1057, 1060-61 (3d Cir. 1972); United States v. Inigo, 925 F.2d 641, 654-55 (3d Cir. 1991).

"The Constitution does not guarantee trial by jurors totally oblivious to events unfolding from day to day in the community in which they live."  Martin v. Warden, Huntingdon SCI, 653 F.2d 799, 806 (3d Cir. 1981) (Rosenn, J.).  We are not satisfied that so great a prejudice against the defendants exists in Williamsport that the defendants cannot obtain a fair and impartial trial here.  See Fed. R. Crim. Pro. 21(a).  We will deny the defendants' motion for a change of venue without prejudice to its renewal at the voir dire.

**NOW, THEREFORE, IT IS ORDERED THAT:**

Defendant Smith's Motion For Change of Venue or Venire (Rec. Doc. No. 37), in which Spinks has joined (Rec. Doc. No. 50), is denied without prejudice to its renewal at voir dire.

      s/ James F. McClure, Jr.
James F. McClure, Jr.
United States District Judge